IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 7 |
| RAY A. MOYER and | * | |
| ASTRID MOYER, | * | |
|     Debtors | * | CASE NO: 1:11-bk-06652 MDF |
| | * | |
| RAY A. MOYER and | * | |
| ASTRID MOYER, | * | ADV. NO: 1:11-ap-00523 MDF |
|     Movants/Defendants | * | |
| | * | |
| v. | * | |
| | * | |
| DOROTHY G. MOYER, by JOYCE A. | * | |
| FOLMER and HAROLD A. MOYER, her | * | |
| attorneys-in-fact, and | * | |
| DOROTHY G. MOYER, individually, | * | |
|     Respondents/Plaintiffs | * | |
| | * | |

## OPINION[1]

Before the Court is the Motion of Ray A. Moyer and Astrid Moyer (hereafter, "Debtors") seeking dismissal of the complaint filed in the above-captioned adversary proceeding or, in the alternative, an order directing Dorothy G. Moyer, individually, ("Moyer") and Joyce A. Folmer and Harold A. Moyer, attorneys-in-fact for Dorothy G. Moyer (collectively "Plaintiffs"), to file an amended complaint with a more definite statement. For the reasons set forth below, the Motion is denied in part and granted in part.

### I. Procedural History

Debtors filed a petition in bankruptcy on September 28, 2011. On Schedule F, they listed an unsecured claim in an unknown amount owed to Moyer based upon a civil action that was

---

[1]This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(I). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052 and 9014.

pending before the Court of Common Pleas of Lebanon County, Pennsylvania when the bankruptcy petition was filed. In both the state court action and the adversary complaint, Plaintiffs assert claims in a representative capacity for Moyer under a power of attorney executed in 2009. Plaintiffs allege that Debtors misappropriated Moyer's property both before and after Debtors were named as her attorneys-in-fact in 2006.

In the adversary complaint filed on December 19, 2011, Plaintiffs request the Court to find that the claims filed on behalf of Moyer are excepted from Debtors' discharge under 11 U.S.C. §§ 523(a)(2), (4), and (6). On January 17, 2012, Debtors filed a motion to dismiss the adversary complaint under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) or, alternatively, for a more definite statement under Fed. R. Civ. P. 12(e) (the "Motion").[2] Briefs have been filed and the matter is ripe for decision.[3]

---

[2] Fed. R. Civ. P. 12(b)(6) and (e) are applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 7012.

[3] In their brief in support of the Motion, Debtors state that Plaintiffs were appointed as attorneys-in-fact at a time when Moyer had been diagnosed with dementia. A certification was filed by Debtors on May 21, 2012 stating that they believe that Moyer was incompetent when she signed the power of attorney naming Joyce Folmer and Harold Moyer as her attorneys-in-fact. On June 12, 2012, a hearing was held on Debtors' Motion to Reimpose the Automatic Stay. The stay previously had been lifted to permit Plaintiffs to pursue their claims against Debtors in the Lebanon County Court of Common Pleas. At the June 12 hearing, the Court determined that the automatic stay would be reimposed to the extent that the substantive claims against Debtors would be heard in the bankruptcy court, not the state court, but that the issue of whether Moyer was competent when she named Joyce Folmer and Harold Moyer as her attorneys-in-fact in 2009 would be determined by the state court. The parties were directed to submit a proposed order, which had not been received on the date this Opinion was issued.

2

## II. Discussion

*A. Motion to dismiss under Fed. R. Civ. P. 12(b)(6)*

Debtors argue that the complaint should be dismissed because Plaintiffs have failed to state a claim upon which relief can be granted.[4] Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests the sufficiency of a complaint's factual allegations." *Tri Supply and Equip., Inc. v. Brady (In re Brady)*, 458 B.R. 814, 817 (Bankr. D. Del. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). The issue is not whether plaintiffs will ultimately prevail, but whether claimants are entitled to offer evidence to support their claims. To decide a motion to dismiss, this Court must "accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir. 2004)). A complaint merely reciting statutory language, however, does not plead facts sufficient to state a claim. *Kubick v. Federal Deposit Insurance Corp. (In re Kubick)*, 171 B.R. 658, 660 (B.A.P. 9th Cir. 1994).

Rule 12(b)(6) implicates the requirements of Fed. R. Civ. P. 8. Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A complaint must provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 220 (3d Cir. 2011) (citing *Twombly*, 550 U.S. at 555). Rules 8 and 12(b)(6) require a complaint to state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of'

---

[4]Plaintiffs' claim under § 523(a)(6) will not be dismissed under Fed. R. Civ. P. 12(b)(6), but Plaintiffs will be required to provide a more definitive statement of their claims as discussed in the subsequent section of this Opinion.

3

[each] necessary element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1965)).

Debtors first assert that Plaintiffs have failed to state a claim under 11 U.S.C. § 523(a)(2). Section 523(a)(2) excepts from discharge debts owed by an individual debtor for any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by either false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. *See* 11 U.S.C. § 523(a)(2)(A). Fraudulent intent may be established by circumstantial evidence or through inferences drawn from a course of conduct. *United States Trustee v. Zimmerman (In re Zimmerman),* 320 B.R. 800, 806 (Bankr. M.D. Pa. 2005).

Plaintiffs allege a multitude of transactions, many of which describe the disposition of identified property on a specific date, whereby Debtors obtained money or other property from Moyer at a time she suffered from cognitive deficits caused by dementia. The details in the complaint provide Debtors with fair notice of the transactions and events that Plaintiffs assert establish cause for excepting Moyer's claim from discharge. Accordingly, Plaintiffs' claim under § 523(a)(2)(A) survives Debtors' Motion.

Debtors also allege that Plaintiffs have failed to allege sufficient facts to assert a cause of action under 11 U.S.C. § 523(a)(4). Section 523(a)(4) states in relevant part that a discharge under § 727 does not discharge an individual debtor from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. §523(a)(4). In the complaint, Plaintiffs assert Debtors misappropriated Moyer's assets when they served as her attorneys-in-fact. Again, Plaintiffs allege no less than twenty-five transactions, including date

4

references and a detailed description of the type of transaction, where they assert Debtors both breached their fiduciary duty to Moyer and defrauded her. Accordingly, Plaintiffs have pleaded sufficient facts to posit a plausible claim under this subsection, and Debtors' Motion to dismiss under § 523(a)(4) will be denied.

*B. Motion for more definite statement under Fed. R. Civ. P. 12(e)*

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Debtors argue that if the complaint is not dismissed, Plaintiffs should be required to provide a more definite statement of the claims asserted against them. As discussed above, Plaintiffs have pleaded with sufficient specificity the elements of actions under §§ 523(a)(2) and (4). Therefore, Debtors' Motion seeking a more definite statement will be denied as to these counts. However, Debtors' Motion under Fed. R. Civ. P. 12(e) is granted as to Plaintiffs' claim under § 523(a)(6).

Section 523(a)(6) excepts from discharge any debt, "for willful and malicious injury by the debtor to another entity or to property of another entity." 11 U.S.C. § 523(a)(6). In paragraph 36 of the complaint, Plaintiffs allege that in or about September 2009 Debtors, ". . . caused physical injuries to Moyer, through intentional*,* grossly negligent or ordinarily negligent conduct, as a result of at least one such event, [Moyer] was hospitalized for ten (10) days." Similarly, in paragraph 37 of the complaint Plaintiffs assert that "[s]aid injuries were caused by the negligence, carelessness and recklessness or intentional conduct of one or both of the [Debtors]."

Even if Plaintiffs' allegation that Debtors' conduct was either negligent or careless is

5

true, proof of this assertion does not provide a basis for denying Debtors' discharge under § 523(a)(6). *See* 11 U.S.C. § 523(a)(6) (excepting from discharge only debts caused by a debtor's "willful and malicious" acts). Plaintiffs' references to "intentional" acts by Debtors support the possibility of a claim under § 523(a)(6), and, therefore, the Plaintiffs will be granted an opportunity to plead their claim under this provision with greater specificity.

## Conclusion

For the reasons set forth above, the Motion is denied in part and granted in part. An appropriate order will follow.

By the Court,

*/s/ Mary D. France*
Chief Bankruptcy Judge
(ARP)

Date: June 18, 2012